UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW FIGURES, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>TIBOR SZABO, et al.,<br><br>    Defendants. | Case No. 14-cv-04684-HSG<br><br>**ORDER DISMISSING COMPLAINT** |

Defendant Tibor Szabo ("Szabo"), appearing *pro se*, moves to dismiss the First Amended Complaint ("FAC") filed by plaintiffs Matthew Figures and Colleen Devlin ("Plaintiffs") on January 21, 2015. Dkt. No. 28. The FAC alleges violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") (18 U.S.C. §§ 1961–1968) and California's Unfair Competition Law ("UCL") (Cal. Bus. Prof. Code §§ 17200 - 17208) against Szabo and Salle Musical Arts d/b/a Salle Pianos & Events ("Salle") (collectively "Defendants"). Dkt. No. 20. The FAC also alleges common-law assault and battery against Szabo. The Court held a hearing on Szabo's motion on March 18, 2015. Having read and considered the parties' written submissions and arguments at the hearing, the Court GRANTS the motion to dismiss Plaintiffs' RICO claims with prejudice. The Court declines to assert supplemental jurisdiction over Plaintiffs' remaining state law claims, and dismisses those claims without prejudice.

I. **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). On a motion to dismiss, the court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in

the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). But the plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although the court generally is confined to assessing the allegations in the pleadings, when the complaint is accompanied by attached documents, such documents are deemed part of the complaint and may be considered in evaluating the merits of a Rule 12(b)(6) motion. *Durning v. First Boston Corp.,* 815 F.2d 1265, 1267 (9th Cir. 1987). A court "need not accept as true allegations contradicting documents that are referenced in the complaint." *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

A statute of limitations defense may be raised by a motion to dismiss "[if] the running of the statute is apparent on the face of the complaint." *Ledesma v. Jack Stewart Produce, Inc.,* 816 F.2d 482, 484 n. 1 (9th Cir. 1987); *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). However, a complaint may not be dismissed unless it appears "beyond doubt" that plaintiffs can prove no set of facts that would establish the timeliness of the claim. *Hernandez v. City of El Monte*, 138 F.3d 393, 402 (9th Cir. 1998).

## II. BACKGROUND

Unless otherwise noted, the following facts are taken from the FAC and presumed to be true for purposes of this motion. Defendant Szabo owns and operates Salle, an antique piano restoration and sales business located in San Francisco. FAC ¶ 6. Plaintiffs assert claims against Szabo and Salle on behalf of two separate putative classes. Plaintiff Figures seeks to sue on behalf of a class of individuals based on allegations that Szabo fraudulently accepted deposits on and promised to deliver classical pianos, but never delivered the pianos. FAC ¶¶ 31 – 35. Figures alleges that Szabo tricked him into paying a $6,000 deposit from an out-of-state bank account to buy a piano that Szabo did not actually have. FAC ¶ 31. Plaintiff Devlin seeks to sue on behalf of a second class of individuals who were "violently assaulted" by Szabo. FAC ¶¶ 36 – 42. Devlin alleges that Szabo sexually and physically assaulted her after a musical event held at Salle in September 2014. FAC ¶¶ 37 – 38.

On October 21, 2014, Plaintiffs filed their original complaint alleging that Defendants' actions constituted common law assault and battery and violated the RICO and UCL statutes. Dkt.

1  No. 1. On January 7, 2015, the Court dismissed the original complaint in its entirety for failure to
2  allege fraud with particularity as required by Federal Rule of Civil Procedure 9(b).  Dkt. No. 10.
3  On January 21, 2015, plaintiffs filed the FAC, adding some additional factual detail to the
4  allegations in several paragraphs and attaching a number of exhibits.  FAC ¶¶ 19 – 35, 43 – 56;
5  Dkt. Nos. 21 – 26.

6  Szabo again moves to dismiss the FAC for failure to state a claim.  Among other
7  arguments, Szabo contends that Plaintiffs' RICO claims are time-barred.  Mot. at 3.

**III.  ANALYSIS**

**A.  Plaintiffs' RICO Claims are Time-Barred**

The statute of limitations for a RICO claim is four years.  *Agency Holding Corp. v. Malley–Duff & Associates, Inc.*, 483 U.S. 143, 156 (1987).  In determining whether a cause of action has been properly pled within the statutory period, courts in this circuit follow the "injury discovery" rule.  *Pincay v. Andrews*, 238 F.3d 1106, 1109 (9th Cir. 2001).  Under that rule, "the civil RICO limitations period begins to run when a plaintiff knows or should know of the injury that underlies his cause of action."  *Id.*   A plaintiff is deemed to have "constructive knowledge" of a cause of action under the "should know" prong when he "ha[s] enough information to warrant an investigation which, if reasonably diligent, would have led to discovery of the fraud."  *Id.* at 1110 (citation omitted).  Importantly, a plaintiff need not have determined that the injury complained of is part of a "pattern of racketeering" to trigger the start of the limitations clock.  *Grimmett v. Brown*, 75 F.3d 506, 511 (9th Cir. 1996).

As explained below, the facts alleged by Plaintiffs (including facts contained in documents they chose to attach to the FAC) conclusively establish that Figures knew or should have known of the injury underlying his RICO cause of action -- Szabo's allegedly fraudulent inducement of the $6,000 deposit without any intention of delivering the piano -- by no later than August of 2010.  Because Figures did not file suit until October 21, 2014, his claim is barred by the four-year RICO statute of limitations.

The FAC and attached exhibits reflect that Figures first expressed some doubt regarding Szabo on November 26, 2009, when Szabo asked Figures to wire money even though Figures had

never met Szabo, viewed the merchandise, or visited the showroom. Dkt. No. 26-2 at 5 (email from Figures to Szabo stating "I am [leery] of wiring money out of state to a business I have never been to"). Despite Figures' reservations, he sent Szabo a $2,000 deposit on November 27, 2009. Dkt. No. 26-2 at 7. At Szabo's request, Figures then sent another deposit on or around December 11, 2009. Dkt. No. 26-2 at 9. In total, Figures alleges that he sent Szabo approximately $6,000 in November and December of 2009. FAC ¶ 31; Dkt. No. 26-2 at 16.

The FAC and attached documents further show that by May or June of 2010, Figures began to come to the conclusion that the piano for which he had paid the deposit was not going to be delivered. He sent a complaint to PayPal indicating that he had sent $4,150 to Szabo without receiving merchandise in return. Dkt. No. 26-2 at 14. After submitting this complaint, Figures investigated Szabo's business practices by contacting other individuals who had similar complaints about Szabo and Salle. *See* Dkt. No 26-2 at 15. On June 4, 2010, one of these individuals said that Figures was the "victim" of a "scam artist" (referring to Szabo). Dkt. No. 26-2 at 15.

Shortly thereafter, Figures filed formal complaints with the Federal Trade Commission ("FTC") and the San Francisco District Attorney's Consumer Protection Unit ("SFDA"). *See* Dkt. No. 26-2 at 17, 18 (response letters from the FTC and SFDA regarding consumer complaints submitted by Figures). On June 30, 2010, another alleged victim of Szabo's scheme told Figures that there were a number of similarly-situated individuals, and described "a growing case that this is some kind of ponsi [sic] scam." Dkt. No. 26-2 at 19. On July 10, 2010, Figures emailed the SFDA investigator on his case to report that "I received a call from Tibor [Szabo] today saying I'll never get my money back," and said he had saved the incoming call information on his cell phone. Dkt. No. 26-2 at 21. Figures alleges that the investigator informed him that "he would need to file a civil lawsuit to recover" the money he had paid to Szabo, but does not specify the date of that communication. FAC at ¶ 31(h).

In late July of 2010, Figures received more emails from other alleged victims of Szabo's scheme, indicating that Figures and others had been "defrauded," and noting that "there is plenty of evidence that [Szabo] is running a scam." Dkt. No. 26-2 at 22, 23. One of these emails from

4

another alleged victim noted that the SFDA investigator "advised us to file [a] claim, which we did," and said that there was an upcoming court date in mid-August. *Id.* at 23.

Accepting Figures' allegations in the FAC and the attached exhibits as true, it is clear that Figures was on constructive notice, if not actual notice, by August 2010 that he had been defrauded by Szabo. Because he did not file his complaint until October 2014, more than four years later, his RICO cause of action is untimely and must be dismissed.

As a general rule, leave to amend a complaint that has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when the Court "determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000). In this case, Plaintiffs attached documents to the FAC which conclusively establish that the statute of limitations began to run no later than August 2010. Plaintiffs' attached documents render implausible the FAC's bare assertion that the fraud began in the fall of 2009 and "continu[es] to the present." *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001) (affirming district court's dismissal of claims contradicted by documents attached to plaintiff's complaint); *cf. A.R. Int'l Anti-Fraud Sys., Inc. v. Pretoria Nat'l Cent. Bureau of Interpol*, 634 F.Supp.2d 1108, 1119 (E.D. Cal. 2009) (noting that court could consider document attached to the operative complaint in determining whether a cause of action was timely). In addition, Plaintiffs already have been given one opportunity to amend their complaint, and that effort was unsuccessful. Accordingly, further amendment would be futile, and Plaintiffs' RICO claims are DISMISSED with PREJUDICE.

### B.  Plaintiffs' Supplemental State Law Claims are Dismissed

A district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims. " *Id.* at 561 (citation and internal quotation marks omitted). Having dismissed Plaintiffs' only federal claim with prejudice, the

1  Court, in its discretion, declines to assert supplemental jurisdiction over the remaining state law
2  claims. Accordingly, Plaintiffs' assault and UCL claims are DISMISSED without prejudice.

**IT IS SO ORDERED.**

Dated: 5/4/2015

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge